UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE ESTATE OF LOUIS CHRISTMAN                    CIVIL ACTION

VERSUS                                            NO. 20-739-BAJ-RLB

LIBERTY MUTUAL INSURANCE
COMPANY

## ORDER

Before the Court is Plaintiff's Emergency Motion for Stay of Liberty Mutual's Notice of Deposition and Subpoena Duces Tecum of Julie Christman and Ryan Garza filed on May 16, 2021 ("Motion for Stay"). (R. Doc. 21). The motion is opposed. (R. Doc. 23).

**I.      Background**

In this action, the Estate of Louise Christman ("Plaintiff") seeks recovery of damages, including bad faith penalties, from Liberty Mutual Insurance Company ("Liberty Mutual") with respect to the adjustment of a claim on a homeowners insurance policy. (R. Doc. 1-2 at 2-4; R. Doc. 9).

On April 28, 2021, Plaintiff filed a motion seeking, among other things, an order compelling the deposition of the Liberty Mutual claims manager Jeanna Deivanayagam ("Motion to Compel"). (R. Doc. 20). Liberty Mutual opposes that motion. (R. Doc. 22).

On May 10, 2021, Liberty Mutual provided Plaintiff with a Notice of Deposition with accompanying subpoenas seeking the deposition of Julie Christman and Ryan Garza and/or a corporate representative of CMAC Roofing, LLC to take place on May 26, 2021. (R. Doc. 21-2). The deadline to complete non-expert discovery is June 1, 2021. (R. Doc. 10).

Plaintiff now seeks a "stay" of the deposition notice and subpoenas until the Court has ruled on whether Plaintiff can proceed with the deposition of Jeanna Deivanayagam. (R. Doc. 21-1 at 2). In opposition, Liberty Mutual argues that the depositions fall within the scope of discovery, and that whether the deposition of Jeanna Deivanayagam proceeds is irrelevant to the depositions of Julie Christman and Ryan Garza. (R. Doc. 23).

## II.  Law and Analysis

### A.  Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the

burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). "[A] party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002)(citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)).

**B.     Analysis**

Plaintiff is in effect seeking a protective order under Rule 26(c) to postpone the depositions of Julie Christman and Ryan Garza until the Court determines whether the deposition of Jeanna Deivanayagam may proceed. Having considered the record, including the arguments raised with respect to Plaintiff's Motion to Compel, the Court does not find good cause to postpone these depositions.

Plaintiff has not demonstrated any basis for precluding Liberty Mutual from conducting these depositions prior to the approaching discovery deadline of June 1, 2021. Plaintiff does not dispute that the depositions fall within the scope of discovery. Plaintiff also does not identify any

specific annoyance, embarrassment, oppression, or undue burden or expense that would result if the depositions are allowed to proceed.

The Court finds no basis for delaying subpoenaed depositions (and document requests) in this action solely in light of a pending Motion to Compel pertaining to an unrelated deposition in dispute. If the Court allows the deposition of Jeanna Deivanayagam to proceed, the Court will issue an appropriate extension of the discovery deadlines for that purpose.

Finally, it is unclear when and whether the subpoenas at issue were served. Nothing in this Order precludes the non-party subjects to the subpoenas from filing an appropriate motion in the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3).

### III.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Emergency Motion for Stay of Liberty Mutual's Notice of Deposition and Subpoena Duces Tecum of Julie Christman and Ryan Garza (R. Doc. 21) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 24, 2021.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE