**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THE ESTATE OF LOUISE CHRISTMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-739-BAJ-RLB** |
| **LIBERTY MUTUAL INSURANCE COMPANY** | |

## ORDER

Before the Court is Defendant's Motion to Compel and Motion for Rule 37 Sanctions ("Motion to Compel"). (R. Doc. 25). The motion is opposed. (R. Doc. 27). Defendant filed a Reply. (R. Doc. 30).

### I. Background

On September 4, 2020, James Christman, the executor of his deceased mother Louise Christman's estate, initiated this bad faith insurance action on behalf of the Estate of Louise Christman ("Plaintiff"), naming as defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant"). (R. Doc. 1-2 at 2-4). Plaintiff alleges that Louise Christman's house located in Lake Charles, Louisiana (the "subject property"), which is insured by Liberty Mutual under a homeowners insurance policy, was damaged during a severe thunderstorm with heavy hail and wind on May 26, 2020. (R. Doc. 1-2 at 2). Plaintiff specifically alleges that "hail ripped paint off the house, knocked over brick fence columns, damaged air conditioner units, and a door," and left the property's "high-quality slate roof shingles greatly compromised with breaks, cracks, indentions, and loosened the shingles so much that they would blow upward whenever there was wind." (R. Doc. 1-2 at 2). Plaintiff alleges that in the process of adjusting the claim for coverage under the homeowners insurance policy, Liberty Mutual acted in bad faith by finding no hail damage and only covering $1,032.32 to repair the fence. (R. Doc. 1-2 at 2-3).

On August 26, 2020, Hurricane Laura struck Lake Charles. Plaintiff alleges that the hurricane caused the already compromised roof to fail, leaving the subject property damaged by rainwater and uninhabitable. (R. Doc. 1-2 at 3-4). Plaintiff notes that "nearby neighbors who had their roofs replaced following the May 2020 hailstorm were protected from Hurricane Laura." (R. Doc. 1-2 at 3). Among other things, Plaintiff seeks recovery of bad faith damages under La. R.S. 22:1973(C). (R. Doc. 1-2 at 4).

On October 16, 2020, three days after sending a settlement demand with respect to "the main house roof portion," Plaintiff sent Liberty Mutual an estimate of sought repairs (including demolition, remediation, and roofing) totaling $114,149.34. (R. Docs. 1-3, 1-4). Liberty Mutual represents that it has estimated that Plaintiff's property damages for separate claims made with respect to Hurricane Laura and Hurricane Delta (which struck near Lake Charles on October 9, 2020) "total $407,235.23, of which $196,993.31 already has been paid" to Plaintiff. (R. Doc. 25-1 at 4).

Liberty Mutual removed the action on October 29, 2020, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Plaintiff subsequently filed an Amended Complaint that includes a claim for bad faith damages under La. R.S. 22:1892. (R. Doc. 9).

The Court issued a Scheduling Order setting, in relevant part, the deadline to complete non-expert discovery on June 1, 2021, and for trial to commence on April 11, 2022. (R. Doc. 10). The Court has also issued a Protective Order governing the exchange of confidential information in this action. (R. Doc. 15).

On June 1, 2021, Liberty Mutual filed the instant Motion to Compel. (R. Doc. 25). Liberty Mutual represents that counsel for the parties conferred on May 27, 2021 in a good faith

effort to obtain the discovery at issue without court action, but were unable to resolve the dispute. (R. Doc. 25-1 at 19). Liberty Mutual seeks an order under Rule 37 excluding Plaintiff from relying at trial on any evidence pertaining to damages not produced in response to discovery requests. In the alternative, Liberty Mutual seeks an order compelling Plaintiff to supplement its initial disclosures and discovery responses with respect to damages.

Plaintiff opposes the motion on the basis that it agreed at the Rule 37 conference to identify the "actual amounts" it is seeking to recover from Liberty Mutual before the close of discovery, and did so on May 31, 2021. (R. Doc. 27 at 1-2; *see* R. Doc. 27-3). Plaintiff suggests that its engineer expert's report would provide estimates of damages sought, and those damages would not include amounts already paid by Liberty Mutual for the hurricane-related claims. (R. Doc. 27 at 3). Plaintiff represents that "all documents and information it has in its possession" has been provided to Liberty Mutual to comply with its discovery obligations. (R. Doc. 27 at 4).

In reply, Liberty Mutual notes that Plaintiff does not dispute that it has not provided a computation of each category of damages as required by Rule 26(a)(1). (R. Doc. 30 at 2-3). Liberty Mutual also represents that Plaintiff's expert engineer's report produced on June 15, 2021 does not contain a computation of each category of damages. (R. Doc. 30 at 3; *see* R. Doc. 30-1).

**II.    Law and Analysis**

    **A.    Initial Disclosures**

Rule 26 requires parties to exchange as part of their initial disclosures, among other material, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation

3

is based, including the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). This disclosure must be made "based on the information then reasonably available to [the disclosing party]." Fed. R. Civ. P. 26(a)(1)(E). The disclosing party must timely supplement its disclosures if it learns that they are incorrect or incomplete. Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to make a disclosure required by Rule 26(a) any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(a). In addition, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified." Fed. R. Civ. P. 37(c)(1).

Plaintiff's initial disclosures state the following with respect to the requirements of Rule 26(a)(1)(iii):

> Plaintiff claims costs to repair and replace its home and property, loss of use, moving and storage expenses, damages for mental anguish, damages for loss of sentimental value of home and its contents, bad faith damages including attorney fees, and costs of these proceedings with legal interest. Plaintiff claims non-economic damages to be determined by the fact finder. Damage is ongoing and plaintiff reserves the right to supplement this disclosure as discovery proceeds.

(R. Doc. 25-4 at 2). There is no dispute that Plaintiff has not supplemented this disclosure under Rule 26(e)(1).

Plaintiff's initial disclosure is deficient because it does not provide a computation of each category of damages as required under Rule 26(a)(1)(A)(iii). Plaintiff asserts in its opposition (filed after the close of discovery) that it "has submitted to Liberty Mutual all the information and documents it has in its possession *at this time* regarding its damages." (R. Doc. 27 at 1) (emphasis added). While that may be the case, Plaintiff is not relieved of its duty to supplement its initial disclosures by producing a computation of each category of damages it seeks to recover now that discovery has been conducted and completed.

4

As discussed further below, Plaintiff supplemented an interrogatory response at the close of discovery to assert, among other things, that "[c]onsidering the current state the home and property is in, and the extent of repairs the house would need to . . . be repaired, it is apparent that the home is a total loss, therefore Plaintiff claims a total replacement value of the home without a deduction for depreciation for policy limits of $643,300.00" (R. Doc. 25-7 at 2). Plaintiff also states that it seeks the unspecified "cost to replace damage to the interior of the pool house," as well as additional living expenses and compensation decreases. (R. Doc. 25-7 at 3). Plaintiff does not, however, provide any specific computation of these sought categories of documents.

Given the record, the Court will compel Plaintiff to disclose "a computation of each category of damages" claimed in compliance with Rule 26(a)(1)(A)(iii). The Court does not issue any sanctions at this time. To the extent Plaintiff fails to produce a computation of damages by the deadlines provided below, Liberty Mutual may seek relief from the district judge excluding evidence of damages under Rule 37(c)(1). *See CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 279-80 (5th Cir. 2009) (noting that plaintiff's initial disclosures "failed to properly disclose the 'computations' for the various 'categories' of damages it now complain[ed] of" and affirming the district court's decision to exclude new evidence of damages under Rule 37(c)); *Romain v. Governor's Off. of Homeland Sec. & Emergency Preparedness*, No. 14-660, 2017 WL 2438844, at *7 (M.D. La. June 6, 2017) (granting motion in limine and excluding evidence of the plaintiff's claim for lost wages not disclosed despite specific discovery requests seeking a calculation of all special damages)

Plaintiff must provide supplemental initial disclosures providing "a computation of each category of damages claimed" by Plaintiff in accordance with Rule 26(a)(1)(A)(iii) and Rule 26(e)(1) within **7 days** of the date of this Order.

B. **Written Discovery Responses**

In addition to its failure to comply with providing initial disclosures of damages under Rule 26(a)(1)(A)(iii), Plaintiff has failed to fully respond to certain interrogatories and requests for production seeking information and documents pertaining to damages.

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2).

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party must respond or object to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). This default date may be modified by stipulation between the parties. Fed. R. Civ. P. 29(b). If a party fails to provide disclosures or to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

In particular, Liberty Mutual seeks supplemental responses to Interrogatory Nos. 3-4 and Request for Production No. 1 of its first set of discovery requests:

> **INTERROGATORY NO. 3:**
> Describe in detail all facts surrounding the property damage for which you seek insurance coverage from Liberty in this lawsuit, including a description of all damage, the monetary cost to repair such damage, and the approximate date you first noticed any of the damage for which you seek coverage. In doing so, please describe which date of loss you contend is applicable to the alleged property damage.
>
> **INTERROGATORY NO. 4:**
> Provide an itemized statement of all damages sought against Liberty in this lawsuit of any kind or nature, including, but not limited to, any and all compensatory damages, consequential damages, penalties or punitive damages, and identify all documents supporting, in any way, your claimed damages.
>
> **REQUEST FOR PRODUCTION NO. 1:**
> Produce all documents, invoices, estimates, photographs, and/or correspondence supporting or, in any way, relating to, the damages you seek to recover through this action.

(R. Doc. 25-3 at 4-5, 12). Plaintiff did not object to these discovery requests other than to state that discovery on damages was ongoing. The Court will require Plaintiff to provide supplemental responses because this objection is moot now that discovery is closed. To the extent applicable, Plaintiff may incorporate by reference information provided in its supplemental initial disclosures or otherwise state that it has no additional information or documents in its possession, custody, or control. Failure to do so may result in the exclusion of evidence pertaining to damages as set forth above.

Liberty Mutual also seeks supplemental responses to Interrogatory Nos. 15-18 and Request for Production No. 13 of its second set of discovery requests:

> **INTERROGATORY NO. 15:**
> If you contend that any amounts are owed by Liberty to you for the May 26, 2020 hail damage claim (Claim No. 042681987), please state with specificity all amounts you allege are owed, including the amount owed and the reason for the amount owed.

7

**INTERROGATORY NO. 16:**
If you contend that any amounts are owed by Liberty to you for the Hurricane Laura claim (Claim No. 043457061), please state with specificity all amounts you allege are owed, including the amount owed and the reason for the amount owed.

**INTERROGATORY NO. 17:**
If you contend that any amounts are owed by Liberty to you for the Hurricane Delta claim (Claim No. 043901656), please state with specificity all amounts you allege are owed, including the amount owed and the reason for the amount owed.

**INTERROGATORY NO. 18:**
Describe in detail any and all repairs you allege are remaining/incomplete to your property as a result of the May 26, 2020 hailstorm (Claim No. 042681987), Hurricane Laura (Claim No. 042681987), Hurricane Delta claim (Claim No. 043901656) and state the weather event you allege occasioned the need for the remaining repairs.

**REQUEST FOR PRODUCTION NO. 13:**
Produce all documents that you have reviewed or referenced in answering the above Interrogatories that have not otherwise been produced.

(R. Doc. 25-7 at 1-4; 25-2 at 6). In its global responses to these discovery requests, Plaintiff states that its "expert should be able to give a more precise explanation as to causation and extent of damages to the property." (R. Doc. 25-2 at 2; R. Doc. 25-7 at 2). Plaintiff's supplemental global response also states that Plaintiff is seeking "a total replacement value of the home without a deduction for depreciation for policy limits under $643,300.00," as well as an unspecified "cost to replace damage to the interior of the pool house," and additional living expenses and compensation decreases. (R. Doc. 25-7 at 2-3).

The Court will require Plaintiff to supplement these responses. Plaintiff need not itemize or otherwise compute any specific damages sought with respect to the hurricane-related claims, which are not the subject of this lawsuit. Plaintiff must merely identify whether, and to what extent, it is seeking to recover damages in this lawsuit that are also sought in the hurricane-related insurance claims. In other words, in the course of computing the specific categories of

8

damages sought, Plaintiff must distinguish whether and to what extent it is seeking recovery for damages in this lawsuit that it is also seeking in its hurricane-related insurance claims that are not the subject of this lawsuit. Again, to the extent applicable, Plaintiff may incorporate by reference information provided in its supplemental initial disclosures or otherwise state that it has no additional information or documents in its possession, custody, or control. Failure to do so may result in the exclusion of evidence pertaining to damages as set forth above.

Plaintiff must provide supplemental responses to these interrogatories and requests for production within **7 days** of the date of this Order.

### C. Request to Conduct Additional Discovery

The Court will allow Liberty Mutual to retake Plaintiff's deposition within **30 days** of receipt of the required supplemental disclosures and responses. The scope of the deposition shall be limited solely to any newly produced information and documents. To the extent Liberty Mutual seeks to conduct any additional discovery, it must seek additional relief from the Court.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Liberty Mutual's Motion to Compel (R. Doc. 25) is **GRANTED IN PART and DENIED IN PART** consistent with the body of this Order. The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on June 29, 2021.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**