UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THE ESTATE OF LOUISE CHRISTMAN                    CIVIL ACTION

VERSUS                                             NO. 20-739-BAJ-RLB

LIBERTY MUTUAL INSURANCE
COMPANY

## ORDER

Before the Court is Defendant's Motion to Compel Inspection and Motion to Extend Expert Discovery Deadline. (R. Doc. 32). The motion is opposed. (R. Doc. 33). Defendant filed a Reply. (R. Doc. 37).

**I.    Background**

On September 4, 2020, James Christman, the executor of his deceased mother Louise Christman's estate, initiated this bad faith insurance action on behalf of the Estate of Louise Christman ("Plaintiff"), naming as defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant"). (R. Doc. 1-2 at 2-4). Plaintiff alleges that Louise Christman's house located in Lake Charles, Louisiana (the "subject property"), which is insured by Liberty Mutual under a homeowners insurance policy, was damaged during a severe thunderstorm with heavy hail and wind on May 26, 2020. (R. Doc. 1-2 at 2). Plaintiff specifically alleges that "hail ripped paint off the house, knocked over brick fence columns, damaged air conditioner units, and a door," and left the property's "high-quality slate roof shingles greatly compromised with breaks, cracks, indentions, and loosened the shingles so much that they would blow upward whenever there was wind." (R. Doc. 1-2 at 2). Plaintiff further alleges that in the process of adjusting the claim for coverage under the homeowners insurance policy, Liberty Mutual acted in bad faith by finding no hail damage and only covering $1,032.32 to repair the fence. (R. Doc. 1-2 at 2-3).

On August 26, 2020, Hurricane Laura struck Lake Charles. Plaintiff alleges that the hurricane caused the already compromised roof to fail, leaving the subject property damaged by rainwater and uninhabitable. (R. Doc. 1-2 at 3-4). Plaintiff notes that "nearby neighbors who had their roofs replaced following the May 2020 hailstorm were protected from Hurricane Laura." (R. Doc. 1-2 at 3). Among other things, Plaintiff seeks recovery of bad faith damages under La. R.S. 22:1973(C). (R. Doc. 1-2 at 4).

On October 16, 2020, three days after sending a settlement demand with respect to "the main house roof portion," Plaintiff sent Liberty Mutual an estimate of sought repairs (including demolition, remediation, and roofing) totaling $114,149.34. (R. Docs. 1-3, 1-4). Liberty Mutual represents that it has estimated that Plaintiff's property damages for separate claims made with respect to Hurricane Laura and Hurricane Delta (which struck near Lake Charles on October 9, 2020) "total $407,235.23, of which $196,993.31 already has been paid" to Plaintiff. (R. Doc. 25-1 at 4).

Liberty Mutual removed the action on October 29, 2020, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1). Plaintiff subsequently filed an Amended Complaint that includes a claim for bad faith damages under La. R.S. 22:1892. (R. Doc. 9).

The Court issued a Scheduling Order setting, in relevant part, the deadline to complete non-expert discovery on June 1, 2021, and for trial to commence on April 11, 2022. (R. Doc. 10). The Court has also issued a Protective Order governing the exchange of confidential information in this action. (R. Doc. 15).

On June 1, 2021, Liberty Mutual filed its first Motion to Compel. (R. Doc. 25). Liberty Mutual sought an order under Rule 37 excluding Plaintiff from relying at trial on any evidence

pertaining to damages not produced in response to discovery requests. In the alternative, Liberty Mutual sought an order compelling Plaintiff to supplement its initial disclosures and discovery responses with respect to damages.

On June 15, 2021 (the deadline for Plaintiff to provide an expert report), Plaintiff produced an expert report by Charles R. Norman P.E., but the report did not provide a calculation of the asserted damages. (R. Doc. 30 at 3; *see* R. Doc. 30-1). The report stated, however, that "[a]n Xactimate estimated cost of damages based upon this report will be forthcoming in a supplemental report." (R. Doc. 30-1 at 7).

On June 29, 2021, the Court granted Liberty Mutual's first Motion to Compel in part, ordering Plaintiff (1) to provide within 7 days supplemental initial disclosures providing "a computation of each category of damages claimed" by Plaintiff in accordance with Rule 26(a)(1)(A)(iii) and Rule 26(e)(1); (2) to provide within 7 days supplemental responses to certain interrogatories and requests for production; and (3) to allow Defendant to retake Plaintiff's depositions within 30 days of receipt of the required supplemental disclosures and responses. (R. Doc. 31). The Court also stated that Liberty Mutual could seek relief from the Court to the extent that it sought to conduct any additional discovery. (R. Doc. 31 at 9).

On July 5, 2021, Plaintiff produced a supplemental expert report by Mr. Norman, which contains an Xactimate estimated cost of repair and indicates that the home is a constructive total loss. (R. Doc. 32-2). The next day, Plaintiff produced supplemental initial disclosures as ordered, relying on Mr. Norman's supplemental expert report for the purposes of detailing Plaintiff's computation of damages. (R. Doc. 32-3).

Liberty Mutual filed the instant Motion to Compel and to Extend Deadlines on July 9, 2021. (R. Doc. 32). Liberty Mutual now seeks an order allowing it to obtain a rebuttal expert on

3

the issue of valuation of damages, compelling Plaintiff to allow its rebuttal expert to inspect the subject property, and extending the default deadline for Liberty Mutual to provide a rebuttal expert report. (R. Doc. 32). In opposition, Plaintiff asserts that the motion should be denied because discovery is completed, there was no surprise that Mr. Norman provided an estimate of Plaintiff's damages in a supplemental report, and Liberty Mutual did not comply with Rule 37(a)(1) prior to seeking relief from the Court.

**II.     Law and Analysis**

   **A.     Motion to Extend Discovery Deadline**

Liberty Mutual seeks an extension of the 30-day deadline to provide a rebuttal expert disclosure under Rule 26(a)(2)(D)(ii) in response to Plaintiff's supplemental expert disclosure under Rule 26(a)(2)(E).  In seeking this extension, Liberty Mutual argues that Plaintiff's July 5, 2021 supplemental expert report is untimely because Plaintiff's expert report deadline was set for June 15, 2021. (R. Docs. 32 at 1, 32-1 at 5). Liberty Mutual further argues that it "did not engage an expert on the issues of damages" because Plaintiff did not disclose that Mr. Norman, a professional engineer, would "offer an opinion regarding the alleged cost to repair plaintiff's property, which is typically the province of a public adjuster, contractor, or construction consultant." (R. Doc. 32-1 at 3).

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure requires the filing of expert disclosures to be made at the times and in the sequence ordered by the Court. The Court is unconvinced that Liberty Mutual was taken by surprise by Plaintiff's supplemental expert disclosure, which calculates the identified damages, in support of its supplemental initial disclosures ordered by the Court. On May 18, 2021, Plaintiff specifically stated, in response to an interrogatory seeking the scope of Mr. Norman's expert testimony, that "Mr. Norman was

4

asked about the causation of Plaintiff's damages, ***the extent of plaintiff's damages***, and the condition of plaintiff's property which is the subject of this litigation." (R. Doc. 32-1 at 3) (emphasis added). [1] To the extent Liberty Mutual is now arguing that Mr. Norman is unqualified to provide an opinion on the calculation of damages (because he is a professional engineer and not "a public adjuster, contractor, or construction consultant"), then Liberty Mutual can seek appropriate relief by filing a Daubert motion or motion in limine.

The Court disagrees with Liberty Mutual's characterization of Plaintiff's supplemental expert report as untimely. On June 29, 2021, the Court ordered Plaintiff to produce supplemental initial disclosures providing "a computation of each category of damages claimed" in accordance with Rule 26(a)(1)(A)(iii) and Rule 26(e)(1). (R. Doc. 31 at 6). Plaintiff's supplemental expert disclosure with respect to the calculation of damages is consistent with the requirements of the Court's Order and the supplemental disclosure requirements of Rule 26. *See* Fed. R. Civ. P. 26(a)(2)(E) ("The parties must supplement [Rule 26(a)(2) expert disclosures] when required under Rule 26(e)"); Fed. R. Civ. P. 26(e)(1)(B) ("A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . as ordered by the court."); Fed. R. Civ. P. 26(e)(2) ("For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition."). Rule 26 provides Liberty Mutual with the opportunity to disclose rebuttal expert testimony on the issue of damages in response to Plaintiff's supplemental expert

---

[1] Liberty Mutual references this discovery response in support of a finding that Plaintiff only disclosed Mr. Norman "as an expert on causation of damages." (R. Doc. 32-1 at 4). Liberty Mutual further states that it has retained an expert engineer to rebut Mr. Norman's report "on the issue of causation and extent of damages" but will seek "to retain either a general contractor or construction consultant as an expert to inspect plaintiff's property and prepare an estimate / report rebutting Norman's supplemental report." (R. Doc. 32-1 at 4-5). The Court disagrees with Liberty Mutual that an opinion on the "extent of damages" is interchangeable with an opinion on causation, but completely distinct from a calculation or estimate of the extent of damages. *See*, *e.g.*, *Orthoflex, Inc. v. ThermoTek, Inc.*, 986 F. Supp. 2d 776, 792 (N.D. Tex. 2013) ("Experts are permitted to assume the fact of liability and opine about the extent of damages.").

5

report. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) ("Absent a stipulation or a court order, [a disclosure of expert testimony] must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subjected matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.").

The Court recognizes the potential abuse in the over-designation of "supplemental" and "rebuttal" expert disclosures to circumvent the Court's expert report deadlines. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that—to rebut and to supplement. These disclosures are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information."). The Court also recognizes the potential that such a supplement could be prejudicial to the opposing party based on the nature of the information not originally provided in the actual report, and will consider whether any relief needed to address such prejudice is appropriate.

To the extent necessary, the Court finds good cause to extend the expert report deadline for the purpose of finding Mr. Norman's supplemental expert report on the issue of the calculation of damages to be timely. *See* Fed. R. Civ. P. 16(b)(4). The Court also finds good cause to extent Liberty Mutual's deadline to provide a rebuttal expert disclosure, and will correspondingly extent the expert discovery deadline and disposition motion and Daubert motion deadline. *See id.*

### B. Motion to Compel Inspection

Liberty Mutual also seeks an order compelling Plaintiff to allow its rebuttal expert to conduct an additional inspection of the subject property.

As a preliminary issue, the Court's June 29, 2021 Order did not extend the deadline to conduct discovery or authorize any discovery outside of the continuance of Plaintiff's deposition. Liberty Mutual does not explain why it did not seek leave from the Court to conduct additional discovery in light of Plaintiff's supplemental expert report.

Moreover, even if the Court had allowed additional discovery to be conducted, Liberty Mutual did not serve a request for a site inspection in accordance with Rule 34. The record indicates that Liberty Mutual's counsel informally asked Plaintiff's counsel, by way of an email sent on July 7, 2021, whether Plaintiff would consent to an additional inspection. (R. Doc. 32-4). The next day, Plaintiff's counsel responded that "Plaintiff can't allow for another inspection" without elaboration. (R. Doc. 32-4).

The Court will not "compel" a site inspection absent an actual timely Rule 34 request. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv) ("A party seeking discovery may move for an order compelling an . . . inspection . . . if . . . a party . . . fails to respond that inspection will be permitted – or fails to permit inspection – **as requested under Rule 34**.") (emphasis added); *see Paige v. State Farm Fire & Cas. Co.*, No. 19-190, 2019 WL 6898655, at *3 (M.D. La. Dec. 18,2019) (requiring the plaintiff to provide defendant-insurer with a date for a 30-minute inspection of allegedly burglarized property where plaintiff consented to an inspection and did not oppose motion to compel, but requiring the defendant-insurer to serve a Rule 34 request to the extent it sought an inspection of a second allegedly burglarized property); *see also Innovative Automation, LLC v. Amazon.com, Inc.*, No. 12-881, 2013 WL 12140171, at *2 (E.D. Tex. Nov. 13, 2013) (denying motion to compel inspection without prejudice to refiling until after a proper request under Rule 34 is made).

7

To be clear, the requirements set forth in Rule 34 are not an empty formality. Rule 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). The request "must describe with reasonable particularity each item or category of items to be inspected; [and] must specify a reasonable time, place, and manner for the inspection and for performing the related acts." Fed. R. Civ. P. 34(b)(1)(A)-(B). A Rule 34 inspection must comply with the scope of Rule 26(b)(2), which limits, among other things, a party's ability to obtain discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or where the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(ii). A party also has 30 days to respond to the request, unless a "shorter or longer time" is stipulated between the parties or ordered by the Court. Fed. R. Civ. 34(b)(2)(A).

Where a defendant seeks to compel an additional inspection of a plaintiff's premises under Rule 34, the Court must weigh the degree to which the proposed inspection will assist the moving party and its search for truth against the hardships and hazards created by the inspection. *Young v. State Farm Fire & Cas. Co.*, No. 06-9871, 2007 WL 2127871, at *2 (E.D. La. July 25, 2007) (affirming magistrate judge's denial of the defendant State Farm's motion to compel entry upon land for inspection, on the grounds that State Farm had ample time and opportunity to collect relevant information through discovery and to prepare its defense). "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Id*. *See also Upkins v.*

8

*Lexington Insurance Co.*, No. 07-3906, 2008 WL 11515917, at *2 (E.D. La. Nov. 10, 2008) (denying motion to compel where the defendant failed to show why a fourth inspection would not be cumulative or duplicative); *Fischer v. Encompass Indemnity Co.*, No. 06-2498, 2007 WL 1087586, at *2 (E.D. La. Apr. 10, 2007) (affirming magistrate judge's denial of a fourth inspection of the plaintiffs' hurricane-damaged property because the defendant failed to show why an additional inspection would not be cumulative or duplicative).

In addition to the absence of any Rule 34 request, the record does not indicate that Liberty Mutual made any attempt to resolve the issues brought before the Court prior to filing a motion. Indeed, Liberty Mutual's counsel represents that he "in good faith conferred with counsel for Plaintiff, the Estate of Louise Christman, **on July 7, 2021** in a good faith effort to obtain the [discovery] at issue without court action." (R. Doc. 32 at 3) (emphasis added). The record indicates that Plaintiff's counsel did not respond to this informal request for an inspection until the next day. (*See* R. Doc. 32-4). There is no indication that Liberty Mutual's counsel ever requested a Rule 37(a)(1) conference on the issue of whether a site inspection could proceed, much less held one. Liberty Mutual did not even attempt to meet the requirements of Rule 37(a)(1). *See Roberts v. Lessard*, No. 17-7, 2018 WL 1547342, at *2-3 (M.D. La. Mar. 29, 2018) (holding that one email sent by plaintiff's counsel requesting a discovery conference was insufficient to meet the requirements of Rule 37(a)(1)); *McAllister v. McDermott, Inc.*, No. 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (denying motion to compel where Plaintiffs sent one email to obtain supplemental responses and did not make any further attempts to confer with defense counsel).

Given the foregoing, the Court will not "compel" Plaintiff to allow an additional inspection of the subject property in the course of resolving the instant motion.

9

Nevertheless, the Court finds good cause to set an expedited deadline for Liberty Mutual to request and conduct a Rule 34 inspection by its rebuttal expert. *See* Fed. R. Civ. P. 16(b)(4). There is no dispute that Liberty Mutual (or its representatives) inspected the property on June 2, 2020, October 1, 2020, and November 9, 2020 in the course of adjusting Plaintiff's claims regarding the May 26, 2020 wind and hailstorm, Hurricane Laura, and Hurricane Delta. (R. Doc. 33 at 2-3; R. Doc. 37 at 3). Plaintiff argues that any additional inspection "would be fruitless, burdensome, and veering on the edge of harassment." (R. Doc. 33 at 3). In reply, Liberty Mutual argues that an inspection is required for the purpose of rebutting Mr. Norman's itemized calculation of damages, which is the first computation of damages disputing Liberty Mutual's own valuation of damages. (R. Doc. 37 at 3).

The Court agrees with Liberty Mutual that an additional site inspection for the purposes of rebutting Mr. Norman's calculation of damages is appropriate. Any burden to Plaintiff caused by an additional site inspection would be minimal because the subject property is uninhabited. Any inspection would also not appear to be cumulative or duplicative given that it would be limited to the purpose of rebutting the detailed calculation of damages in Mr. Norman's report. Liberty Mutual should have the opportunity to inspect the subject property given Plaintiff's arguments that damages incurred with respect to Hurricane Laura and Hurricane Delta are attributable to Liberty Mutual's partial denial of Plaintiff's May 26, 2020 wind and hailstorm claim. *See Brabo Int'l Group Inc. v. United Fire & Casualty Co.*, No. 19-66, 2020 WL 6440709, at *2 (S.D. Tex. Aug. 6, 2020) (granting motion to compel where additional inspection was necessary to respond to Plaintiff's experts' opinion and to respond to any change of conditions in Plaintiff's properties after additional weather events since the previous inspection).

In summary, the Court find good cause to allow Liberty Mutual to serve a Rule 34 request for inspection. The scope of the sought inspection shall be limited to a visual inspection of the property for the purposes of rebutting the calculation of damages found in Mr. Norman's supplemental expert report. The parties must meet-and-confer by telephone or in person in accordance with Rule 26(c)(1) or Rule 37(a)(1) prior to the filing of any additional motion with respect to Liberty Mutual's Rule 34 request for inspection. The Court is inclined to allow any reasonable site inspection by Liberty Mutual's rebuttal expert to move forward.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Liberty Mutual's Motion to Compel and to Extend Deadlines (R. Doc. 32) is **GRANTED IN PART and DENIED IN PART** consistent with the body of this Order. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that the following deadlines are established:

1. Liberty Mutual must serve any Rule 34 Request for Inspection by **July 30, 2021.** Plaintiff must provide any objections to Rule 34 Request for Inspection, including the time, place, and manner of the site inspection, by **August 6, 2021**. The site inspection must take place by **August 13, 2021,** or as otherwise agreed upon by the parties.

2. Liberty Mutual must provide any rebuttal expert report in response to Mr. Norman's supplemental report (R. Doc. 32-2) on or before **August 23, 2021**.

3. Discovery from experts must be completed by **September 15, 2021.**

4. Deadline to file dispositive motions and Daubert motions: **October 15, 2021.**

**All other deadlines remain the same.**

Signed in Baton Rouge, Louisiana, on July 26, 2021.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

11