## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

THE ESTATE OF LOUISE CHRISTMAN                    CIVIL ACTION

VERSUS                                             NO. 20-739-BAJ-RLB

LIBERTY MUTUAL INSURANCE
COMPANY

### ORDER

Before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint for Joinder of Parties. (R. Doc. 39). The motion is opposed. (R. Doc. 41).

**I.    Background**

On September 4, 2020, James Christman, the executor of his deceased mother Louise Christman's estate, initiated this bad faith insurance action on behalf of the Estate of Louise Christman ("Plaintiff"), naming as defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant").[1] (R. Doc. 1-2 at 2-4). Plaintiff alleges that Louise Christman's house located in Lake Charles, Louisiana (the "subject property"), which is insured by Liberty Mutual under a homeowners insurance policy, was damaged during a severe thunderstorm with heavy hail and wind on May 26, 2020. (R. Doc. 1-2 at 2). Plaintiff specifically alleges that "hail ripped paint off the house, knocked over brick fence columns, damaged air conditioner units, and a door," and left the property's "high-quality slate roof shingles greatly compromised with breaks, cracks, indentions, and loosened the shingles so much that they would blow upward whenever there was wind." (R. Doc. 1-2 at 2). Plaintiff further alleges that in the process of adjusting the

---

[1] In removing the action, Liberty Mutual asserted that its proper name is Liberty Mutual Fire Insurance Company. (R. Doc. 1). Plaintiff has amended the Complaint to properly name the defendant Liberty Mutual. (R. Doc. 9).

claim for coverage under the homeowners insurance policy, Liberty Mutual acted in bad faith by finding no hail damage and only covering $1,032.32 to repair the fence. (R. Doc. 1-2 at 2-3).

On December 23, 2020, Plaintiff filed an unopposed Motion for Leave to File First Amended Complaint. (R. Doc. 7). The Court granted the motion and entered Plaintiff's First Amended Complaint into the record on December 30, 2020. (R. Docs. 8, 9).

On December 31, 2020, the Court entered a Scheduling Order setting, among other things, the deadline to amend the pleadings on April 1, 2021 and the deadline to complete non-expert discovery on June 1, 2021.[2] (R. Doc. 10). Plaintiff did not seek leave to further amend the pleadings prior to the expiration of these deadlines.

On July 27, 2021, Plaintiff filed the instant motion, which seeks leave to file a Second Amended Complaint to name James Christman and his wife Julie Christman as additional plaintiffs for the purposes of asserting claims for the recovery of mental anguish damages. (R. Doc. 29). Plaintiff represents that Mr. and Mrs. Christman resided at the subject property at the time of the May 26, 2020 wind and hailstorm. (R. Doc. 39-1 at 1). Plaintiff asserts that "[i]t was not discovered until after this suit was filed that James Christman and Julie Christman are insureds under the Liberty Mutual policy." (R. Doc. 39-1 at 1). Referencing Rule 15 and Rule 20 of the Federal Rules of Civil Procedure, Plaintiff asserts that it is in the "best interest of all parties and judicial economy to add names James and Julie Christman to the suit so they are not forced to file another lawsuit either in Lake Charles or Baton Rouge." (R. Doc. 39-1 at 2-3).

On July 29, 2021, Liberty Mutual filed a Motion for Summary Judgment (R. Doc. 40)[3] and Opposition to the instant motion (R. Doc. 41). Liberty Mutual asserts that the instant motion is

---

[2] The Court has provided limited extensions of the non-expert discovery deadline for the purposes of allowing Plaintiff to be re-deposed and for Liberty Mutual to seek an additional inspection of the subject property for the purposes of submitting a rebuttal expert report on damages. (*See* R. Docs. 31, 38).
[3] This motion is pending before the district judge.

untimely and Plaintiff has not established good cause to allow untimely amendment under Rule 16(b) of the Federal Rules of Civil Procedure.

## II. Law and Analysis

### A. Legal Standards

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co*., 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be

automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

    **B.**    **Analysis**

Having considered the record, the Court finds that Plaintiff has not established good cause under Rule 16(b)(4) to allow the sought untimely amendment.

Plaintiff makes no particular attempt to establish that it was diligent in seeking to name Mr. and Mrs. Christman as additional plaintiffs in this action. At most, Plaintiff suggests that just prior to the filing of the instant motion it determined that those individuals are named insureds under the policy at issue. Plaintiff does not identify when it received a copy of the policy. Liberty represents, however, that it "provided a copy of the policy to plaintiff's counsel on August 5, 2020" (one month prior to the initiation of this lawsuit) and "again produced a certified copy of plaintiff's policy to plaintiff's counsel on December 7, 2020." (R. Doc. 41 at 5; *see* R. Doc. 41-1). The record does not support a finding that Plaintiff did not have an opportunity to review the language of the policy prior to the close of the deadlines to amend the pleadings and to conduct non-expert discovery.

Plaintiff does not explain to the Court how the remaining factors work in its favor.  It is unclear how the addition of the proposed individual plaintiffs (and their respective claims for

mental anguish) are important to the actual plaintiff in this action, the Estate of Louise Christman. While the amendment may be important to the proposed plaintiffs, at any point in time during this litigation they could have reviewed the policy language and, if appropriate, sought to intervene as plaintiffs. *See* Fed. R. Civ. P. 24.

Furthermore, Liberty asserts that while Mr. and Mrs. Christman have been deposed, they were not deposed in their capacities as plaintiffs with claims for mental anguish. Instead, they were respectively deposed in their capacity as the executor of the Estate of Louise Christman, and as a fact witness with respect to the property damage at issue. (R. Doc. 41 at 6). Allowing Mr. and Mrs. Christman to be added as plaintiffs would result in the re-opening of discovery and would upset the deadlines in this action.

### III.   Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint for Joinder of Parties (R. Doc. 39) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 2, 2021.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**